UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| RALPH HERNANDEZ, § § Plaintiff, § § v. § § CALALLEN INDEPENDENT SCHOOL § DISTRICT, § § Defendant. § | Civil Action No. 2:21-CV-00225 |

## MEMORADUM OPINION AND ORDER

This is a case of alleged sexual harassment of a minor student by a teacher. Plaintiff Ralph Hernandez was a student at Calallen High School. Hernandez alleges that between Fall 2019 and early 2020, he was sexually harassed by his teacher, Marlynn Douglas. In 2021, no longer a minor, Hernandez brought suit against Defendant Calallen Independent School District alleging negligence and sex-based discrimination under Title IX. Pending before the Court is Defendant's Motion to Dismiss Plaintiff's First Amended Complaint, (Dkt. No. 27). For the following reasons, the Court **GRANTS** the Motion, but Hernandez is given leave to file an amended comaplint..

I.  **BACKGROUND**[1]

Plaintiff Ralph Hernandez was a student at Calallen High School. (Dkt. No. 26 at 2). Hernandez alleges that beginning in 2019, he was sexually assaulted and physically

---

[1] For purposes of addressing this Motion, the Court accepts all factual allegations in the Complaint as true and views them in the light most favorable to Hernandez. *See White v. U.S. Corr., L.L.C.*, 996 F.3d 302, 306–07 (5th Cir. 2021).

and emotionally abused by one of his teachers, Marlynn Douglas. (*Id.*). Hernandez alleges that the abuse began with non-sexual but inappropriate interactions, such as texting, stalking, providing meals, laxing classroom rules, excusing absences and incomplete assignments, and causing or permitting inappropriate conversations to take place in the classroom. (*Id.* at 3). The abuse progressed when Douglas began pulling Hernandez out of his classes with other teachers and taking him back to her empty classroom where she would sexually assault him. (*Id.*). Hernandez alleges that the sexual abuse also occurred inside of Douglas's car and home. (*Id.* at 4).

Hernandez alleges that the abuse was "common knowledge" among the teachers and students. (*Id.* at 2). Hernandez claims that videos of Douglas sexually assaulting him were shown to other students via Snapchat and other means. (*Id.* at 4). He further alleges that he told students about the abuse, and that he wanted it to end. (*Id.* at 5). Hernandez claims that multiple teachers and coaches, including Teresa Lentz, Coach Razzo, Coach Shagoada, Cathy Floyd, Debbie Radford, and Adrienne Havelka, were aware of the abuse. (*Id.* at 4, 6–7). Hernandez alleges that on January 6, 2020, months after the abuse had started, a teacher reported the abuse to the school's resource officer, Collin Estell. (*Id.* at 7). Shortly after, Principal Neth instructed teachers not to speak to any employees, parents, or students about the matter. (*Id.*). The following day, Superintendent Arturo Almendariz sent a letter to all parents, and issued a press release stating that school district had learned of an inappropriate relationship between a student and teacher and the incident was immediately reported to the Corpus Christi Police Department. (*Id.*).

In August 2021, Hernandez filed suit in state court against Calallen Independent School District ("CISD") asserting a claim for sex-based discrimination under Title IX and a claim for negligence. (*See* Dkt. No. 1-3). Shortly after, CISD removed the case to this Court under 28 U.S.C. § 1331. (Dkt. No. 1 at 1–2). Pending now before the Court is Defendant's Motion to Dismiss Plaintiff's First Amended Complaint, (Dkt. No. 27). With briefing complete, the Motion is ripe for review.[2]

## II.  LEGAL STANDARD

### A.  RULE 12(b)(1)

Rule 12(b)(1) of the Federal Rules of Civil Procedure permits a defendant to move to dismiss for "lack of subject-matter jurisdiction." Fed. R. Civ. P. 12(b)(1). A motion to dismiss for lack of subject matter jurisdiction alleges that the court lacks the authority to hear the dispute. *See id.* When considering a motion to dismiss under Rule 12(b)(1), a court must "accept the complaint's well-pleaded factual allegations as true." *Carver v. Atwood*, 18 F.4th 494, 496 (5th Cir. 2021). "For a 12(b)(1) motion, the general burden is on the party asserting jurisdiction." *Dickson v. United States*, 11 F.4th 308, 312 (5th Cir. 2021).

### B.  RULE 12(b)(6)

Rule 12(b)(6) of the Federal Rules of Civil Procedure permits a defendant to move to dismiss for "failure to state a claim upon which relief can be granted." Rule 8(a)(2) of

---

[2] CISD also moves to strike Exhibit B attached to Hernandez's Response to the Motion to Dismiss. (Dkt. No. 29 at 1–2). The Court has not considered Hernandez's Exhibit B, (Dkt. No. 28-2), in its resolution of this case. As such, the Court denies CISD's motion to strike as moot. *See See Villa v. Tex. Parks & Wildlife Dep't*, No. 2:19-CV-00256, 2021 WL 1179271, at *10 (S.D. Tex. Mar. 27, 2021) (denying motions to strike as "unnecessary at this juncture"); *Mission Toxicology, LLC v. Unitedhealthcare Ins. Co.*, 499 F.Supp.3d 350, 359 (W.D. Tex. 2020) (same).

the Federal Rules of Civil Procedure requires a pleading to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than … 'labels and conclusions.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964, 167 L.Ed.2d 929 (2007)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. The defendant, as the moving party, bears the burden of proving that no legally cognizable claim for relief exists. *Flores v. Morehead Dotts Rybak, Inc.*, No. 2:21-CV-00265, 2022 WL 4740076, at *2 (S.D. Tex. Sept. 29, 2022) (citing 5B Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1357 (3d ed.)).

In reviewing a Rule 12(b)(6) motion to dismiss, a court must accept the plaintiff's factual allegations as true and view those allegations in the light most favorable to the plaintiff. *White v. U.S. Corrections, L.L.C.*, 996 F.3d 302, 306–07 (5th Cir. 2021). The court must evaluate whether the complaint contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678, 129 S.Ct. at 1949 (quoting *Twombly*, 550 U.S. at 570, 127 S.Ct. at 1974). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id*. (quoting *Twombly*, 550 U.S. at 570, 127 S.Ct. at 1974). "Dismissal … is appropriate where the plaintiff fails to allege 'enough

4

facts to state a claim to relief that is plausible on its face' and thus does not 'raise a right to relief above the speculative level.'" *Montoya v. FedEx Ground Package Sys., Inc.*, 614 F.3d 145, 148 (5th Cir. 2010) (quoting *Twombly*, 550 U.S. at 555, 127 S.Ct. at 1965).

### III. DISCUSSION

In his First Amended Complaint, Hernandez brings claims for negligence and sex-based discrimination under Title IX. (Dkt. No. 26 at 9–15). CISD moves to dismiss Hernandez's negligence claim under Rule 12(b)(1) for lack of subject-matter jurisdiction. (Dkt. No. 27 at 1–4). CISD also moves to dismiss Hernandez's Title IX claim under Rule 12(b)(6) for failure to state a claim upon which relief can be granted. (*Id.* at 4–12). The Court will address each claim in turn.

#### A. NEGLIGENCE

In his First Amended Complaint, Hernandez asserts a claim for negligence against CISD. (Dkt. No. 26 at 12–15). Hernandez argues that as a public educational institution, CISD owed him a duty to exercise ordinary care, as well as a fiduciary duty because he was a student in their custody and care. (*Id.* at 12). Hernandez claims that this duty was breached in several ways, and that these breaches were a proximate cause of his injury. (*Id.* at 13–15). Hernandez further asserts that CISD is not entitled to immunity under the Texas Tort Claims Act because the sexual harassment and abuse "occurred inside of, and/or through transportation in, Mrs. Douglas' automobile." (*Id.* at 12).

CISD moves to dismiss Hernandez's negligence claim for lack of subject-matter jurisdiction, arguing that as a governmental entity, it is entitled to immunity from tort causes of action under the Texas Tort Claims Act. (Dkt. No. 27 at 1–4). CISD explains

5

that a school district's immunity is only waived in cases arising from "the use or operation of a motor vehicle." (*Id.* at 2) (quoting Tex. Civ. Prac. & Rem. Code Ann. §§ 101.021(1), 101.051). CISD contends that Hernandez's injuries were not proximately caused by a motor vehicle in use or operation, and therefore CISD's immunity has not been waived. (*Id.* at 3–4).

Hernandez responds that governmental immunity has been waived under the motor vehicle exception because he has alleged that the abuse occurred through transportation in Douglas's vehicle, and the vehicle was used as a location or instrumentality to commit the abuse. (Dkt. No. 28 at 7–8). CISD replies that Hernandez's injury does not arise from the operation or use of a motor vehicle simply because the vehicle was a location of his alleged sexual assault. (Dkt. No. 29 at 2–3). The Court agrees with CISD.

CISD is a governmental unit that is immune from liability for Hernandez's injury unless that immunity has been waived by the Texas Tort Claims Act. *See* Tex. Civ. Prac. & Rem. Code Ann. §§ 101.001(3)(B), 101.025, 101.051. The Texas Tort Claims Act waives a school district's sovereign immunity from personal injuries that "arise[] from the operation or use of a motor-driven vehicle[.]" Tex. Civ. Prac. & Rem. Code Ann. § 101.021. Under Section 101.021, "[t]he phrase, 'arises from,' requires a nexus between the injury negligently caused by a governmental employee and the operation or use of a motor-driven vehicle or piece of equipment." *LeLeaux v. Hamshire-Fannett Indep. Sch. Dist.*, 835 S.W.2d 49, 51 (Tex. 1992). "This nexus requires more than mere involvement of property[,]" as "[t]he vehicle's use must have actually caused the injury." *Hernandez v.*

6

*Fort Bend Indep. Sch. Dist.*, No. 4:19-CV-00915, 2019 WL 4394717, at *5 (S.D. Tex. Sept. 13, 2019) (quoting *Dallas Area Rapid Transit v. Whitley*, 104 S.W.3d 540, 543 (Tex. 2003)).  It is well-established under Texas law that where a motor vehicle is used only as a setting for the injury, governmental immunity is not waived.  *See, e.g., Turner v. Hous. Indep. Sch. Dist.*, No. 4:13-CV-00867, 2013 WL 3353956, at *2 (S.D. Tex. July 3, 2013) (student assaulted on a school bus by another student is not an injury that arises out of the operation of a motor vehicle); *Hernandez*, 2019 WL 4394717, at *5 (student sexually assaulted on a school bus by another student is not an injury that arises from the operation or use of a motor vehicle).

    Here, Hernandez states that the sexual harassment and abuse "occurred inside of, and/or through transportation in, Mrs. Douglas' automobile."  (Dkt. No. 26 at 12). Hernandez fails to allege any facts showing that Douglas's operation or use of the motor vehicle caused his injury.  The facts alleged only indicate that Douglas's vehicle was a location of the injury, which is insufficient to waive governmental immunity.  Because CISD is entitled to governmental immunity, this Court lacks subject-matter jurisdiction over Hernandez's negligence claim. Therefore, the claim must be dismissed.  *See White v. City of Arlington*, No. 4:22-CV-00886, 2023 WL 4188048, at *4 (N.D. Tex. June 26, 2023) (finding that governmental immunity operates as a jurisdictional bar, defeating a trial court's subject-matter jurisdiction) (citing *Tarrant Cnty. v. Bonner*, 574 S.W.3d 893, 900 (Tex. 2019)).

7

**B.     TITLE IX**

In his First Amended Complaint, Hernandez asserts a claim for sex-based discrimination under Title IX against CISD. (Dkt. No. 26 at 9–12). Hernandez argues that CISD subjected Hernandez to a hostile educational environment, including sexual harassment and assault, as well as threatening and coercive behavior by a teacher. (*Id.* at 10). Hernandez alleges that CISD had actual knowledge of the sexual assault and harassment and had knowledge of other similar sexual assaults committed by Douglas. (*Id.* at 11). Hernandez asserts that CISD acted with deliberate indifference by failing to respond promptly and appropriately to the sexual assault and harassment. (*Id.* 11–12).

In its Motion to Dismiss, CISD argues that Hernandez has failed to allege facts showing that an appropriate official of CISD had actual knowledge of the sexual assault and harassment. (Dkt. No. 27 at 6–8). CISD emphasizes that knowledge by teachers or coaches cannot be imputed to the school district for purposes of establishing Title IX liability. (*Id.* at 7–9). CISD further argues that Hernandez has not alleged any facts showing that CISD acted with deliberate indifference. (*Id.* at 9–10). And last, CISD argues that damages for Hernandez's alleged injury—harm to mental health, physical and mental well-being, and emotional distress and psychological damage—are unrecoverable under Title IX. (*Id.* at 10–12).

In his Response, Hernandez maintains that he has alleged all the necessary elements of a Title IX claim. (Dkt. No. 28 at 9–16). He argues that CISD had actual knowledge of Douglas's sexual assault, abuse, and harassment of Hernandez, as well as of other students on campus, and that the abuse was common knowledge. (*Id.* at 10).

Hernandez also disputes which persons are required to have knowledge for a Title IX claim. (*Id.* at 11–15). Hernandez further asserts that his damages are recoverable under the statute. (*Id.* at 15–16). CISD replies by reasserting that Hernandez has failed to allege facts giving rise to a Title IX claim. (Dkt. No. 29 at 4–10). After careful review, the Court finds that Hernandez has failed to allege sufficient facts to state a plausible Title IX claim for sex-based discrimination, and as such, his claim must be dismissed.

"Title IX states that no person 'shall, on the basis of sex, be excluded from participation in, be denied the benefits of, or be subject to discrimination under any program or activity receiving Federal financial assistance.'" *Doe v. Edgewood Indep. Sch. Dist.*, 964 F.3d 351, 358 (5th Cir. 2020) (quoting 20 U.S.C. § 1681(a)). A school district receiving federal funds may be held liable under Title IX via a private action for damages when a teacher sexually harasses and abuses a student. *Gebser v. Lago Vista Indep. Sch. Dist.*, 524 U.S. 274, 281, 118 S.Ct. 1989, 1994–95, 141 L.Ed.2d 277 (1998).

To recover damages from a school district for a teacher's sexual harassment and/or abuse of a student, a plaintiff must allege and prove that "(1) a school district employee with supervisory power over the offending teacher (2) had actual notice of the abuse and (3) responded with deliberate indifference." *King v. Conroe Indep. Sch. Dist.*, 289 F.App'x 1, 3 n.3 (5th Cir. 2007). "[L]iability under Title IX arises not from the discrimination or harassment itself but from 'an official decision by the [funding] recipient not to remedy the violation.'" *Salazar v. S. San Antonio Indep. Sch. Dist.*, 953 F.3d 273, 278 (5th Cir. 2017) (quoting *Davis ex rel. LaShonda D. v. Monroe Cnty. Bd. of Educ.*, 526 U.S. 629, 642, 119 S.Ct. 1661, 1671, 143 L.Ed.2d 839 (1999)).

Here, Hernandez has failed to show that a school district employee with supervisory power over Douglas had actual notice of the abuse. Actual notice requires the plaintiff to establish that the school district knew of the "precise instance of abuse giving rise to the case at hand, or [had] actual knowledge of substantial risk that such abuse would occur." *A.W. v. Humble Indep. Sch. Dist.*, 25 F.Supp.3d 973, 992 (S.D. Tex. 2014), *aff'd sub nom. King-White v. Humble Indep. Sch. Dist.*, 803 F.3d 754 (5th Cir. 2015). Title IX requires the plaintiff to establish that the district actually knew that there was a substantial risk that sexual abuse would occur, not just that the school district should have known there was a substantial risk of abuse. *M.E. v. Alvin Indep. Sch. Dist.*, 840 F.App'x 773, 775 (5th Cir. 2020) (per curiam). In other words, for liability to attach, "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw that inference[.]" *Kelly v. Allen Indep. Sch. Dist.*, 602 F.App'x 949, 953 (5th Cir. 2015) (quoting *Rosa H. v. San Elizario Indep. Sch. Dist.*, 106 F.3d 648, 658 (5th Cir. 1997)).

Further, in seeking to establish knowledge, "it is not enough the misconduct is reported to any employee. The reported-to employee must 'at a minimum ha[ve] the authority to institute corrective measures on the district's behalf.'" *Edgewood ISD*, 964 F.3d at 356 (quoting *Gebser*, 524 U.S. at 277, 118 S.Ct. at 1993). This means, "[k]nowledge of teacher-student harassment by a school district employee who has no authority beyond reporting the misconduct to other school district employees is insufficient to expose the school district to Title IX liability." *Doe v. Katy Indep. Sch. Dist.*, 427 F. Supp. 3d 870, 879 (S.D. Tex. 2019). And generally, "[s]upervisory authority is not present in 'the

bulk of employees, such as fellow teachers, coaches, and janitors, unless the district has assigned them both the duty to supervise the employee who has sexually abused a student and also the power to halt the abuse.'" *Id.* (quoting *Rosa H.*, 106 F.3d at 660). Most courts that have considered the issue in a high-school setting have concluded that an "appropriate person" to notify for Title IX purposes is the school principal or assistant principal. *See, e.g., E.M. by J.M. v. Austin Indep. Sch. Dist.*, No. 1:17-CV-00387, 2018 WL 627391, at *6 n.5 (W.D. Tex. Jan. 30, 2018) (collecting authority that a principal is an "appropriate person" under Title IX's requirements); *S.M. v. Sealy Indep. Sch. Dist.*, No. 4:20-CV-00705, 2021 WL 1599388, at *5 (S.D. Tex. Apr. 23, 2021) (finding that an assistant principal was an "appropriate person" under Title IX's requirements).

In his First Amended Complaint, Hernandez states:

> Defendant and its officials had actual knowledge of the sexual assault and resulting harassment of Plaintiff, and upon information and belief, had knowledge of other similar sexual assaults that had been committed by Marlynn Douglas or that had otherwise occurred on the Calallen High School campus.

(Dkt. No. 26 at 11). The allegations in the above paragraph are conclusory in many respects. Hernandez provides no facts to support a finding that an appropriate person had actual notice of the alleged sexual assault and harassment. The Court is aware that at this stage Hernandez need only allege enough facts to raise a reasonable expectation that discovery will reveal evidence of actual knowledge. *See, e.g., S.P. v. Ne. Indep. Sch. Dist.*, No. 5:21-CV-00388, 2021 WL 3272210, at *7 (W.D. Tex. July 30, 2021). But in this case, the factual allegations are insufficient to even plausibly claim that the appropriate

employees at CISD should have known of the sexual assault and harassment, let alone actually knew of it.

Based on the allegations in his First Amended Complaint, a handful of teachers and coaches were aware of the ongoing sexual assault and abuse of Hernandez. (Dkt. No. 26 at 4, 6–7). These teachers and coaches, however, all appear to be colleagues of Douglas, and there is no allegation in the Complaint that any of them have supervisory authority over her. Generally, in the high-school setting, the appropriate person to report such incidents to are a principal or vice principal. *See, e.g.*, *E.M. by J.M.* 2018 WL 627391, at *6 n.5; *Sealy Indep. Sch. Dist.*, 2021 WL 1599388, at *5. By Hernandez's own account of the facts, Principal Neth did not become aware of the sexual assault or harassment until early January when a teacher reported the incident. (Dkt. No. 26 at 7). And upon becoming aware, Principal Neth and CISD's superintendent responded within one day to the allegations of sexual assault and abuse. (*Id.*). Hernandez argues that the abuse and harassment were "common knowledge at the school," (Dkt. No. 28 at 10), but it is too great a leap for the Court to reasonably infer from the conclusory factual allegations that CISD's supervisors had actual knowledge of a substantial risk of abuse.

Even when a teacher's conduct is egregious, as it is here, Title IX requires actual notice to the school district to impose liability. *See Katy Indep. Sch. Dist.*, 427 F.Supp.3d at 879. And Hernandez does not make enough factual allegations to state a Title IX claim that is plausible on its face. Nor does he make enough factual allegations to warrant a reasonable inference that CISD had actual notice. And finally, Hernandez's alleged facts are insufficient to show that discovery on the knowledge issue will reveal evidence

sufficient to state a Title IX claim. The Court finds that Hernandez has failed to allege facts sufficient for his Title IX claim to survive dismissal under Rule 12(b)(6).

### C. LEAVE TO AMEND

Hernandez contends that if any defects or deficiencies are found in his allegations, he would like the opportunity to amend his pleadings. (Dkt. No. 28 at 17). CISD opposes Hernandez's request. (Dkt. No. 29 at 10).

Outside of amendments as a matter of course, a plaintiff may amend their complaint prior to trial "only with the opposing party's written consent or the court's leave," which should be freely given "when justice so requires." *See* Fed. R. Civ. P. 15(a)(2). "A formal motion is not always required, so long as the requesting party has set forth with particularity the grounds for the amendment and the relief sought." *United States ex rel. Willard v. Humana Health Plan of Tex. Inc.*, 336 F.3d 375, 387 (5th Cir. 2003). "When a plaintiff's complaint fails to state a claim, the court should generally give the plaintiff at least one chance to amend the complaint under Rule 15(a) before dismissing the action with prejudice." *In re Complaint of Pride Offshore, Inc.*, 766 F.Supp.2d 797, 800 (S.D. Tex. 2011) (citing *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 326 (5th Cir. 2002)).

The Court has determined that (1) it lacks subject-matter jurisdiction over Hernandez's negligence claim, *see supra* Part III.A, and (2) Hernandez has failed to state a viable Title IX claim, *see supra* Part III.B. Although Hernandez requests leave to amend, he does not indicate how he would do so, nor does he provide any additional factual

allegations he would plead if given the opportunity to replead.[3] (*See* Dkt. No. 28 at 17). The Court will permit Hernandez to file an amended complaint within 14 days from entry of this Order. CISD may address any deficiencies in that amended complaint at the summary judgment stage.

## IV. CONCLUSION

In light of the foregoing, the Court **GRANTS** Defendant's Motion to Dismiss Plaintiff's First Amended Complaint, (Dkt. No. 27). However, Hernandez may file an amended complaint within 14 days from entry of this Order addressing the issues in this Order. CISD may address any deficiencies with that amended complaint at the summary judgment stage.

It is SO ORDERED.

Signed on September 29, 2023.

_____
**DREW B. TIPTON**
**UNITED STATES DISTRICT JUDGE**

---

[3] Hernandez's request to amend reads, in relevant part: "[S]hould any defect or deficiency in [Hernandez's] allegations be found, [Hernandez] respectfully requests for leave to amend the complaint. Discovery is ongoing, and while [CISD] has agreed to produce the witnesses for depositions, no dates have been provided." (Dkt. No. 28 at 17).